IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| James Gordon Gibson, ) | Civil Action No.: 2:10-cv-02132-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Laurens County Detention Center, Sheriff ) | |
| Ricky Chastain, Major Christopher Hudson, ) | |
| Lt. Sullivan, Lt. Champagne, Lt. Vera ) | |
| Nedahausen, Lt. Westbury, Sgt. Lowry, and ) | |
| Six John Doe Assailants, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court after the issuance of the amended Report and Recommendation ("R&R") of United States Magistrate Judge Bruce Howe Hendricks.[1] In the amended R&R, the Magistrate Judge recommends that the Court grant in part, deny in part, the Defendants' Motion for Summary Judgment [Docket #39]. For the following reasons, the Court adopts the Magistrate Judge's amended R&R and also *sua sponte* appoints counsel for the Plaintiff.

**Procedural History & Factual Background**

This case was initiated on August 17, 2010, when the Plaintiff filed a *pro se* Complaint appearing to assert various claims under 42 U.S.C. § 1983 for violation of his due process rights, failure to protect, denial of medical treatment, and deliberate indifference. On January 18, 2011, the Defendants filed a Motion for Summary Judgment [Docket #39]. Subsequently, the Plaintiff filed a response in opposition, and the Defendants filed a reply. On May 31, 2011, the Magistrate Judge issued a R&R and, subsequently, issued the amended R&R to address the issue of qualified immunity. In her

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Hendricks for pretrial handling.

amended R&R, the Magistrate Judge recommended that the Defendants' Motion for Summary Judgment be granted in part, denied in part. The Plaintiff filed timely objections to the original R&R. On June 27, 2011, the Plaintiff filed amended objections in response to the amended R&R, which the Court has reviewed and considered in issuing this Order. The Defendants did not file any objections.

The Plaintiff is a civilly committed sexually violent predator and currently housed at the Broad River Correctional Institution. On November 30, 2006, the Plaintiff was taken into custody pursuant to a civil commitment order and placed in the Laurens County Detention Center ("LCDC"). The incidents alleged in the Complaint occurred while the Plaintiff was incarcerated at the LCDC. The facts and allegations in this case are clearly summarized in the Magistrate Judge's amended R&R and need not be restated here.[2] Essentially, the Plaintiff alleges that the Defendants failed to protect him from being assaulted by six other inmates and then denied him medical treatment for his injuries.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d

---

[2]The Court hereby incorporates by reference pages two through three of the amended R&R. [Docket #72, pp.2-3].

44, 47-48 (4th Cir. 1982). In the absence of a timely filed specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion of Plaintiff's Objections

In order to state a claim for relief under § 1983, the Plaintiff must sufficiently allege (1) that he "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States; and (2) that the conduct complained of was committed by a person acting under the color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir.1998). In her R&R, the Magistrate Judge concludes that the LCDC is not a proper defendant in this action and should be dismissed. The Plaintiff objects and argues that the LCDC is a properly named defendant "for being a legal incorporated entity." [Docket #77, p.2]. According to the Plaintiff, "LCDC is an incorporated entity which is owned and operated by the incorporated county of Laurens, who makes policy for, controls and who pays for and is named as the chief insurance policy for the incorporated entity." *Id.* However, there is no evidence that the LCDC is an incorporated entity.[3] Additionally, courts have steadfastly held that inanimate objects such as buildings, facilities, and grounds are not "persons" acting under the color of state law. *See, e.g., Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); *Moore v. Charleston Cnty. Det. Ctr.*, No. 8:08-cv-00492, 2008 WL 2001959, at *3 (D.S.C. May 6, 2008) ("The Defendant Charleston County Detention Center is not a 'person' subject

---

[3]In fact, a search of corporate filings conducted by this Court on the South Carolina Secretary of State website supports this conclusion. *See Williams v. Long,* 585 F. Supp. 2d 679, 686-88 (D. Md. 2008) (Records from government websites are inherently authentic or self-authenticating); *see also McCormick v. Wright,* No. 2:10-33-RBH-RSC, 2010 WL 565303, at *2 n.5 (D.S.C. Feb. 17, 2010) (Courts may take judicial notice of information taken from government websites.).

to liability under § 1983, so the pleadings fail to state a claim against Defendant."). Thus, Defendant LCDC is not a proper § 1983 defendant, and the Plaintiff's objection is overruled.

The Plaintiff also objects to the Magistrate Judge's finding that summary judgment should be granted in favor of the Defendants as to the Plaintiff's failure to protect claim. Specifically, the Plaintiff states:

> The Defendants admit being given official notice Plaintiff was being held on a civil detainer, pursuant to South Carolina Code 44-48-80 at (D). This fact alone makes Plaintiff not amenable to being a 8th amendment prisoner. And, the Defendants admit being given official notice Plaintiff was a sexual deviant who by State statute is specifically mandated for special housing; South Carolina Code, Annotated 44-48-10/170.[4]

With respect to the Plaintiff's argument that he was being detained at the LCDC for treatment, rather than for the purpose of punishment stemming from a criminal conviction, he is correct that the Eighth Amendment is not applicable to challenges to the conditions of civil commitment. As a civil detainee, the Plaintiff's claim properly arises under the Due Process Clause of the Fourteenth Amendment; nevertheless, "the legal standard employed for civil commitment claims under the Due Process Clause is largely the same as that used in analyzing prisoners' Eighth Amendment claims." *Hicks v. James,* 225 F. App'x 744, *748 (4th Cir. 2007) (citations omitted). As the Magistrate Judge noted in footnote two of her amended R&R, under either standard, the Plaintiff still has to show "deliberate

---

[4]Despite the Plaintiff's citing to the South Carolina Code, the cited statutes do not state that he is entitled to special housing or accommodations as a sexual deviant. Regardless, to the extent the Plaintiff is complaining that the Defendants failed to comply with SCDC policy regarding the housing of a sexually violent civil detainee, such a claim fails because the failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation. *Keeler v. Pea,* 782 F. Supp. 42, 44 (D.S.C. 1992); *see Riccio v. County of Fairfax,* 907 F.2d 1459, 1469 (4th Cir. 1990).

indifference,"[5] as to which there is no genuine issue of material fact in this case. In his Complaint, the Plaintiff alleges that he informed each of the Defendants "at one point or another" that inmates were threatening him. [Docket #1-1, p.2]. In addition, in an affidavit, he attests that he

> did personally talk to each named party defendant . . . informing each of the extremely dangerous environment of the jail caused by both in general out of control gangs and . . . that Plaintiff feared for his personal safety due to being a convicted sex offender who is being held under the SVP laws.

Docket #50-3, p.1. However, there is no evidence, other than the Plaintiff's general and conclusory statements,[6] that the Plaintiff ever filed anything requesting protective custody. The Plaintiff's conclusory allegations are insufficient to withstand the Defendants' properly supported motion for summary judgment. *See White v. Boyle,* 538 F.2d 1077, 1079 (4th Cir. 1976); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (stating the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial).

Likewise, the Plaintiff's unsubstantiated statement in his objections that "Magistrate Judge Hendricks is in error by saying the Plaintiff fails to establish that the defendants knew of a specific risk of harm to him when the fact remains that every sex offender LCDC detainee prior to Plaintiff was

---

[5] In *Farmer v. Brennan*, the Supreme Court defined deliberate indifference, holding that "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." 511 U.S. 825, 847 (1994). The test is not whether an official knew or should have known of the possibility of harm, but whether he did, in fact, know of it and consciously disregarded that risk. "[T]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*, at 837.

[6] In his objections, the Plaintiff now claims that "inmate request / requesting protection were submitted," as "[n]o where does the Defendants certify they are not withholding incriminating Inmate Request To Staff where Plaintiff had requested protection or was in fear of harm." [Docket #77, p.4]. However, there is no evidence of any of these alleged requests in the record.

either threatened, or attacked" is insufficient to establish that the Defendants knew of a substantial risk of serious harm to him and consciously disregarded that risk. The Plaintiff would argue that the Defendants are liable for the intrinsic risk, inherent in any prison environment, left unmonitored. This is not the Court's understanding. *See Farmer,* 511 U.S. at 837 ("[T]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). "To succeed on his claim of failure to protect, [the Plaintiff] must show that [the Defendants] had knowledge of a substantial or pervasive risk of serious harm and acted with deliberate indifference to [the Plaintiff's] safety by failing to correct the situation." *Skeen v. Orr,* 1996 WL 460761, at *2 (4th Cir. Aug. 15, 1996) (citing *Farmer*). The Plaintiff has failed to submit evidence that his assailants were known to be dangerous or of a particular threat to his own safety; instead, he merely characterizes the prison as a dangerous place prone to random attacks. *See* [Docket #77, pp.5-6] (stating "[t]he answer is the LCDC was allowed to be out of control with deliberate indifference by Defendants . . ." and "what is proven is Defendants . . . did not have any guards on duty to prevent random attacks."). If the Defendants were strictly liable for the inherent and generalized danger every inmate reasonably poses to others, prison officials would be without any defense. To the extent the Plaintiff argues that the Defendants were negligent and responsible for his injuries because they "did not have any guards on duty to prevent random attacks on Plaintiff,"[7] "[d]eliberate indifference is a very high standard- a showing of mere negligence will not meet it." *Young v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir.2001) (citation omitted); *see Whitley v. Albers*, 475 U.S. 312, 319 (1986). Thus, the Plaintiff's objection is overruled.

---

[7] *Id.* at 5.

Finally, the Plaintiff quotes the pre-*Iqbal*[8] "no set of facts" *motion to dismiss* standard and asserts a general objection that he "has proven the facts as complained; This being done not so much with Plaintiff's evidence but in fact with the Defendants own submitted exhibits and admissions." [Docket #77, p.7]. However, the legal standard for summary judgment,[9] not the legal standard governing motions to dismiss,[10] is applicable in the instant matter. Additionally, there is no genuine dispute as to any material fact with respect to the Plaintiff's failure to protect claim, and this objection is overruled.

## **Conclusion**

Having thoroughly reviewed the entire record, the Plaintiff's objections, and the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. While the Plaintiff's failure to protect claim arises under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment, the Plaintiff must still establish deliberate indifference and has failed to do so in the instant matter.

Based on the foregoing, it is **ORDERED** that the Magistrate Judge's amended R&R is adopted and incorporated herein by reference. Accordingly, the Defendants' Motion for Summary Judgment [Docket #39] is **GRANTED** in part, **DENIED** in part. Specifically, the LCDC is not a proper § 1983 defendant and is therefore dismissed, and the Plaintiff's failure to protect claim is dismissed with prejudice. The Defendants are denied summary judgment as to the Plaintiff's denial of medical

---

[8] *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (U.S. 2009).

[9] *See* Fed. R. Civ. P. 56 (West 2011).

[10] *See, e.g., Iqbal,* 129 S. Ct. at 1949; *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

treatment claim against all Defendants and his supervisory liability claim against Defendant Sheriff Ricky Chastain, and these claims will proceed.[11]

As the Defendants' Motion for Summary Judgment has been denied in part, the case should proceed to trial. According to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney represent [a *pro se* Plaintiff] unable to employ counsel . . ." *Id.* Specifically, "[i]f it appears to the district court that a *pro se* litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Leeke v. Collins,* 574 F.2d 1147, 1153 (4th Cir. 1978). In the instant matter, the Plaintiff has presented a colorable claim. He is entitled to prevail if he can prove that the delay in providing him medical care stemmed from "deliberate indifference to his serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *cf. Hill v. Nicodemus,* 979 F.2d 987, 991 (4th Cir. 1992) (The standard for reviewing medical claims of pretrial detainees under the Fourteenth Amendment is essentially the same as that for a convicted prisoner under the Eighth Amendment.). It is undisputed that the Plaintiff was not transported to the hospital until five days after the alleged assault and that during the assault he suffered bruising, a large black eye, a concussion, and numerous facial fractures. It is also undisputed that the day before the scheduled surgery, the Plaintiff was transferred from the LCDC to the custody of the SCDC and the surgery was cancelled. Further, the Court finds that the Plaintiff is ill-equipped to represent himself or to litigate a claim of this nature. Under these circumstances, the Court finds that the appointment of counsel is justified to ensure that the Plaintiff receives a fundamentally fair trial.

Thus, it is hereby **ORDERED** that Ms. Anna Hamilton, Esquire, of Nelson Mullins law firm is **APPOINTED** as counsel to assist the Plaintiff in the instant case. Ms. Hamilton is experienced and

---

[11]In his objections, the Plaintiff indicates that he "agrees" with the Magistrate Judge's recommendation to deny summary judgment on the issues of "Denial of Medical Treatment" and "Supervisory Liability." Therefore, the Court need not conduct a *de novo* review of these portions of the Magistrate Judge's R&R.

knowledgeable in these matters. Ms. Hamilton is ordered to contact her client as soon as possible, who is currently incarcerated at the Broad River Correctional Institution. The Clerk of Court's Office is directed to produce any and all documents on file with their office to Ms. Hamilton. Counsel for the Defendants and appointed counsel for the Plaintiff are instructed to confer regarding submitting a joint consent scheduling order to the Court.

    **IT IS SO ORDERED.**

                                                                  s/ R. Bryan Harwell
                                                                  R. Bryan Harwell
                                                                  United States District Judge

Florence, South Carolina
September 6, 2011